United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40992
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO HERNANDEZ-AZUA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:05-CR-1374)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gilberto Hernandez-Azua appeals from his
guilty plea conviction and 46-month sentence for being an alien
found unlawfully in the United States after deportation and
following a conviction for an aggravated felony, in violation of
8 U.S.C. § 1326. Hernandez-Azua argues that his sentence "is
contrary to [United States v. Booker, 543 U.S. 220 (2005)] and
unreasonable as a matter of law." He contends that this court's
post-Booker decisions have effectively reinstated the mandatory
guideline scheme condemned by Booker and further argues that, post-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Booker</u>, a district court in imposing sentence should be allowed to disagree with policy decisions of the Sentencing Commission.

Post-<u>Booker</u>, appellate courts are to review sentences for reasonableness. <u>Booker</u>, 543 U.S. at 261-63; <u>United States v. Mares</u>, 402 F.3d 511, 518 (5th Cir. 2005). "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." <u>Mares</u>, 402 F.3d at 519. "Given the deference due the sentencing judge's discretion under [<u>Booker</u>], it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" <u>Id.</u> Hernandez-Azua identifies no error in the guidelines calculations, and he was sentenced at the low end of the applicable guidelines range. We conclude that Hernandez-Azua's sentence was reasonable. <u>See</u> <u>id.</u> at 519-20.

Hernandez-Azua's constitutional and non-constitutional challenges to § 1326(b) are foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Hernandez-Azua contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Hernandez-Azua properly concedes that his arguments are foreclosed

2

in light of Almendarez-Torres and circuit precedent, but he raises them here to preserve them for further review.

The judgment of the district court is AFFIRMED.